

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,038

### US CARNELL PETETAN, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON REHEARING UPON COURT'S OWN MOTION
### FROM CAUSE NO. 2012-2331-C1 IN THE 19TH DISTRICT COURT
### McLENNAN COUNTY

**NEWELL, J. filed a concurring opinion in which RICHARDSON AND WALKER JJ. joined.**

On original submission, Appellant raised multiple grounds claiming, in essence, that he should be exempted from the death penalty due to his intellectual disability.[1] We addressed his claims even as the United States Supreme Court evaluated whether the standard that we use in Texas for

---

[1] Appellant specifically asked us to re-work our standard for determining intellectual disability in light of *Hall v. Florida*, and we declined to do so.

determining intellectual disability–set out in *Ex parte Briseno*[2]– violates the Eighth Amendment.  Before this appeal was final, the United States Supreme Court handed down *Moore v. Texas*.[3]  *Moore* clearly invalidates portions of our *Briseno* standard–namely the reliance upon non-clinical "factors" to evaluate adaptive functioning–and calls other aspects of our standard into question.[4]  If all *Moore* had done was simply prohibit the use of "the *Briseno* factors" when determining intellectual disability I would agree to a denial of rehearing.  However, *Moore* appears to go further than that, as noted in Chief Justice Roberts' dissent.[5]  We seem to have recognized as much when we agreed to briefing on the issue of intellectual disability, rather than simply granting Moore the habeas relief

---

[2] 135 S.W.3d 1 (Tex. Crim. App. 2004).

[3] 137 S.Ct. 1039 (2017).

[4] *Id.* at 1053 (Roberts, C.J., dissenting)(observing that the United States Supreme Court unanimously agreed that the *Briseno* factors violated the Eighth Amendment); *see also id.* at 1049 (maj. opinion) (noting that our evaluation of IQ scores is irreconcilable with *Hall v. Florida* because it allows for factors unique to the individual to *narrow* the test-specific standard-error range); *see also id.* at 1050 (maj. opinion) (noting that the medical community focuses adaptive-functioning inquiry on adaptive deficits rather than adaptive strengths and that we overemphasized the defendant's adaptive strengths).

[5] *Id.* at 1059-61 (Roberts, C.J., dissenting) (criticizing the *Moore* majority for calling into question a reviewing court's ability to draw reasonable inferences about IQ scores); *see also In re Cathey*, 857 F.3d 221, 235 (5th Cir. 2017) (recognizing that the United States Supreme Court had invalidated *Briseno*, but "did not announce what should replace the *Briseno* factors").

he seeks.[6]  Though it is unusual to grant rehearing on our own motion, these are unique circumstances.  It is more prudent to address these issues at this juncture given that Appellant specifically asked us to re-work our standard for determining intellectual disability, *Moore* now requires us to do just that, *Moore* was decided before Appellant's appeal became final, and Appellant did not have the benefit of *Moore* on original submission.

With these thoughts I concur.

Filed: October 18, 2017

Do Not Publish

---

[6] *Ex parte Moore*, No. WR-13,374-05 (Tex. Crim. App. June 14, 2017)(not designated for publication).